ORIGINAL

Lawrence H. Meuers
(SBN: 197663)
Steven E. Nurenberg
*FL Bar No. 0808431*
Steven M. De Falco
*FL Bar No. 0733571*
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
snurenberg@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff

FILED 07 OCT 31 AM 9:00 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA  BY: DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| FORTUNE GROWERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHERN CITRUS, INC., a California corporation; HANA GIBO, an individual; and SABAH YOUKHANNA, an individual,<br><br>Defendants. | Case No.: CV 2088 JAH CAB<br><br>CIVIL ACTION COMPLAINT |

For its Complaint, Plaintiff respectfully states as follows:

## THE PARTIES

1. Plaintiff is Fortune Growers, LLC ("Fortune Growers"), a Nevada

limited liability company authorized to do business in Illinois. Fortune Growers' principal place of business is located at 6 South Cutters Run, South Barrington, Illinois.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

    a) Southern Citrus, Inc. ("Southern Citrus"). Upon information and belief, Southern Citrus is a California corporation with its principal place of business located at 1626 W. Frontage Rd., Chula Vista, California.

    b) Hana Gibo ("Gibo"), an individual. Upon information and belief, Gibo is the President of Southern Citrus, and in that capacity, controlled or was in a position to control the assets of Southern Citrus. Upon information and belief, Gibo is a resident of Spring Valley, California.

    c) Sabah Youkhanna ("Youkhanna"), an individual. Upon information and belief, Youkhanna is the Secretary and Treasurer of Southern Citrus, and in that capacity, controlled or was in a position to control the assets of Southern Citrus. Upon

information and belief, Youkhanna is a resident of Spring Valley, California.

4. Southern Citrus, Gibo, and Youkhanna will be collectively referred to as "Defendants."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(5) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(5), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT SOUTHERN CITRUS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. § §499e(c)(3) and (4)*

7. Plaintiff re-alleges paragraphs 1 through 6.

8. At all times relevant to this action, Southern Citrus was a

commission merchant, dealer or broker operating subject to the provisions of PACA.

9. Between September 18, 2007 and October 3, 2007, Plaintiff sold to Southern Citrus in interstate commerce, and Southern Citrus purchased from Plaintiff, Produce in the total amount of $115,266.40.

10. Plaintiff delivered the Produce to Southern Citrus and Southern Citrus accepted the Produce from Plaintiff.

11. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Southern Citrus' receipt of the Produce, Southern Citrus became trustee of the PACA trust for the benefit of Plaintiff in the amount of $115,266.40. The PACA trust consists of all Southern Citrus' inventories of Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets").

12. Plaintiff gave written notice of intent to preserve trust benefits to Southern Citrus in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Southern Citrus.

13. Southern Citrus failed to pay for the Produce despite Plaintiff's

repeated demands.

14. Pursuant to PACA, 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Southern Citrus' PACA Trust Assets.

15. Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Southern Citrus with a valid PACA trust claim in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II

## DEFENDANT SOUTHERN CITRUS

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
### 7 U.S.C. §499e(c)(5)

16. Plaintiff re-alleges paragraphs 1 through 15.

17. Southern Citrus is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust beneficiaries.

18. Southern Citrus failed to pay Plaintiff for the shipments of Produce listed above at paragraph 9 from the PACA Trust Assets.

19. As a direct result of Southern Citrus' failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $115,266.40, plus interest from the date each invoice became past

due, costs and attorneys' fees.

20. Plaintiff seeks the entry of an Order directing Southern Citrus to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

## DEFENDANT SOUTHERN CITRUS

### VIOLATION OF PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
*7 U.S.C. §499b(4)*

21. Plaintiff re-alleges paragraphs 1 through 20.

22. Southern Citrus received each of the shipments of Produce identified in paragraph 9 above.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24. PACA requires Southern Citrus, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

25. Southern Citrus has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims, including Plaintiff's asserted herein.

26. As a direct result of Southern Citrus' failure to properly maintain

and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

27. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Southern Citrus to maintain PACA Trust Assets equal to the sum of $115,266.40, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA trust claims, directing Southern Citrus to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Southern Citrus from dissipating PACA Trust Assets.

## COUNT IV

## DEFENDANT SOUTHERN CITRUS

### VIOLATION OF PACA: FAILURE TO PAY PROMPTLY
*7 U.S.C. §499b(4)*

28. Plaintiff re-alleges paragraphs 1 through 27.

29. Southern Citrus received each of the shipments of Produce identified in paragraph 9 above.

30. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31. Southern Citrus failed to pay these invoices within the payment terms.

32. As a direct result of Southern Citrus' failure to pay each invoice within payment terms, Plaintiff has incurred damages in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

33. Plaintiff seeks entry of an Order directing Southern Citrus to immediately pay Plaintiff the sum of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V

## DEFENDANT SOUTHERN CITRUS

## BREACH OF CONTRACT

34. Plaintiff re-alleges paragraphs 1 through 33.

35. Plaintiff and Southern Citrus entered into contracts under which Plaintiff agreed to sell the Produce and Southern Citrus agreed to purchase the Produce, each of which is described in paragraph 9.

36. Southern Citrus breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

37. As a direct result of Southern Citrus' breach of contract, Plaintiff has incurred damages in the amount of $115,266.40, plus interest from the date

each invoice became past due, costs and attorneys' fees.

38. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Southern Citrus in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI

### THE PRINCIPALS – GIBO AND YOUKHANNA

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARY

39. Plaintiff re-alleges paragraphs 1 through 38.

40. At all times relevant to this action, Gibo and Youkhanna were officers, directors, shareholders or employees ("Principals") of Southern Citrus.

41. As Principals of Southern Citrus, Gibo and Youkhanna each had a duty to ensure that Southern Citrus fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

42. Gibo and Youkhanna each had full knowledge and responsibility for the handling of Southern Citrus' duties as trustee of the PACA trust.

43. Gibo and Youkhanna controlled, or had a duty to control, Southern Citrus' operations and financial dealings, including those involving the PACA Trust Assets.

44. Southern Citrus breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45. Gibo and Youkhanna breached their respective fiduciary duties to direct Southern Citrus to fulfill its duties, as PACA trustee, to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce it supplied to Southern Citrus.

46. As a direct result of Gibo's and Youkhanna's respective breaches of their fiduciary duties, Plaintiff has incurred damages in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

47. Gibo and Youkhanna are personally liable to Plaintiff for their respective breaches of fiduciary duty in dissipating the PACA trust to the extent of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48. Accordingly, Plaintiff seeks entry of an Order entering Judgment in favor of Plaintiff and against Gibo and Youkhanna - jointly and severally - in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

# COUNT VII

## THE PRINCIPALS – GIBO AND YOUKHANNA

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49. Plaintiff re-alleges paragraphs 1 through 48.

50. Upon information and belief, Southern Citrus transferred PACA Trust Assets to Gibo and Youkhanna.

51. These transfers were made in breach of the PACA trust.

52. Gibo and Youkhanna continue to hold any and all PACA Trust Assets having come into their individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

53. As a direct result of Principals' receipt of PACA Trust Assets, Plaintiff has incurred damages in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

54. Accordingly, Plaintiff seeks entry of an Order requiring Gibo and Youkhanna to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

# COUNT VIII

## THE PRINCIPALS – GIBO AND YOUKHANNA

### FRAUDULENT TRANSFER
### Cal Civ Code §3439, *et. seq.* (2007)

55. Plaintiff re-alleges paragraphs 1 through 54.

56. Upon information and belief, Southern Citrus transferred its assets to Gibo and Youkhanna, and to other unknown third parties.

57. These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries' arose.

58. These transfers were made to or for the benefit of insiders of Southern Citrus on antecedent debts.

59. The transfers were made without consideration.

60. Southern Citrus was insolvent at the time of these transfers.

61. At the time of these transfers, the recipients had reasonable cause to believe that Southern Citrus was insolvent.

62. These transfers were fraudulent transfers as proscribed by California's Uniform Fraudulent Transfers Act, Cal Civ Code §3439, *et. seq.* (2007).

63. Accordingly, Plaintiff seeks entry of an Order, as provided by Cal Civ Code §3439.07 (2007), avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of

$115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

 A. As to Count I, declaring that Plaintiff is a PACA trust beneficiary of Southern Citrus with a valid PACA trust claim in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees;

 B. As to Count II, directing Southern Citrus to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees;

 C. As to Count III, directing Southern Citrus to maintain PACA Trust Assets equal to the sum of $115,266.40, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA trust claims, enjoining Southern Citrus from dissipating PACA Trust Assets and directing Southern Citrus to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

 D. As to Count IV, directing Southern Citrus to immediately pay Plaintiff the sum of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees;

 E. Enter Final Judgment in favor of Plaintiff and against Southern Citrus on Counts I through V, in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees;

 F. As to Count VI, entering judgment in favor of Plaintiff and against Gibo and Youkhanna – jointly and severally – in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives

from the PACA Trust Assets;

G. As to Count VII, requiring Gibo and Youkhanna to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

H. As to Count VIII, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and

I. Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this 26th day of October, 2007.

MEUERS LAW FIRM, P.L.

By: *Lawrence H. Meuers*
Lawrence H. Meuers
(SBN: 197663)
Steven E. Nurenberg
*FL Bar No. 0808431*
Steven M. De Falco
*FL Bar No. 0733571*
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
snurenberg@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**ORIGINAL**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED 07 OCT 31 AM 9:00 CLERK, U.S. DIST. COURT SOUTHERN DISTRICT OF CALIFORNIA BY: [signature]**

## I. (a) PLAINTIFFS
Fortune Growers, LLC, a Nevada limited liability company

### DEFENDANTS
Southern Gifts, Inc., a California corporation; Hana Gibo, an individual; and Sabah Youkhanna, an individual

**(b)** County of Residence of First Listed Plaintiff: Clark
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lawrence H. Meuers, Steven E. Nurenberg, Steven M. De Falco, Meuers Law Firm, P.L., 5395 Park Central Court, Naples, FL 34109, Tel: (239) 513-9191

Attorneys (If Known): '07 CV 2088 JAH CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☒ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 U.S.C. 499e

Brief description of cause:
Enforcement of the Perishable Agricultural Commodities Act of 1930, as amended

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 115,266.40

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: October 26, 2007

SIGNATURE OF ATTORNEY OF RECORD: /s/ Lawrence H. Meuers

**FOR OFFICE USE ONLY**

RECEIPT # 143938  AMOUNT $350  APPLYING IFP No  10/31/07  JUDGE _____  MAG. JUDGE _____

```
UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 143938        - KD

October 31, 2007
   09:07:59

     Civ Fil Non-Pris
USAO #.: 07CV2088
Judge..: JOHN A HOUSTON
Amount.:
Check#.: BC 41081         $350.00 CK


Total-> $350.00


FROM: CIVIL FILING
      FORTUNE GROWERS, LLC V. SOUTHE
      CITRUS, INC., ET AL
```