ORIGINAL
FILED
07 OCT 31 AM 9:02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

1  Lawrence H. Meuers
2  (SBN: 197663)
   Steven E. Nurenberg
3  *FL Bar No. 0808431*
4  Steven M. De Falco
   *FL Bar No. 0733571*
5  MEUERS LAW FIRM, P.L.
6  5395 Park Central Court
   Naples, Florida 34109
7  Telephone: (239) 513-9191
8  Facsimile: (239) 513-9677
   lmeuers@meuerslawfirm.com
9  snurenberg@meuerslawfirm.com
10 sdefalco@meuerslawfirm.com

11 Attorneys for Plaintiff
12
                UNITED STATES DISTRICT COURT
13              SOUTHERN DISTRICT OF CALIFORNIA
                     SAN DIEGO DIVISION
14

15 | FORTUNE GROWERS, LLC, a | Case No. CV 2088 JAH CAB
16 | Nevada limited liability company, |
17 |     Plaintiff, |
18 | | CERTIFICATION OF COUNSEL
19 | vs. | AS TO WHY NOTICE SHOULD
   | | NOT BE REQUIRED PURSUANT
20 | SOUTHERN CITRUS, INC., a | TO RULE 65(b)
21 | California corporation; HANA GIBO, |
   | an individual; and SABAH |
22 | YOUKHANNA, an individual, |
23 |     **Defendants.** |

24       The undersigned represents Plaintiff, Fortune Growers, LLC ("Fortune
25
26 Growers") in this action to enforce the trust provisions of the Perishable
27 Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c).
28

Certification Of Counsel As To Why Notice Should Not Be Required Pursuant to        Page 1 of 3
Rule 65(b)

Notice of Plaintiff's Motion for an Ex-Parte Temporary Restraining Order should not be required because notice will afford Defendants, Southern Citrus, Inc., Hana Gibo, and Sabah Youkhanna, an opportunity to dissipate trust assets that are required by statute to be held for the benefit of Plaintiff, who is a PACA trust creditor of Defendants. Defendants, Southern Citrus, Inc., Hana Gibo, and Sabah Youkhanna, are under a statutory duty to pay promptly for produce from the trust established by statute. **Defendants have failed to pay**. In addition:

a) Fortune Growers has not been paid for $115,266.40 worth of produce that it sold to Southern Citrus, Inc. (See ¶24 of the Declaration of Luis Solarte filed contemporaneously herewith ("Solarte Affidavit").

b) Promised payment has not been received. (¶25, Solarte Affidavit)

c) Fortune Growers has been forced to call Southern Citrus numerous times in order to secure payment. (¶¶19, 20, Solarte Affidavit)

d) Calls made to Southern Citrus by Fortune Growers have been avoided from June through August. (¶¶21, 23, Solarte Affidavit)

e) Southern Citrus' PACA license has been terminated. (¶22, Solarte Affidavit.)

Collectively this evidence indicates that Defendants are experiencing serious financial problems. Therefore, advising Defendants of the pendency of this Motion will allow them the opportunity to make payments on non-trust debts with trust assets in order to avoid serious personal liabilities, e.g. criminal liability for failure to pay withholding taxes or civil liabilities. Once the trust assets are dissipated, it is all but impossible to recover them. H.R. Rep. No. 543,

98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. See also J.R. Brooks & Son. Inc. v. Norman's Country Market. Inc, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989). Entry of an Ex-Parte Temporary Restraining Order guarantees the performance of this statutory duty, and prevents further dissipation pending a hearing, which can be set as soon as possible.

Respectfully submitted this 26th day of October, 2007.

MEUERS LAW FIRM, P.L.

By: *Lawrence H. Meuers* (signature)

Lawrence H. Meuers
(SBN: 197663)
Steven E. Nurenberg
*FL Bar No. 0808431*
Steven M. De Falco
*FL Bar No. 0733571*
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
snurenberg@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff