ORIGINAL

FILED
07 OCT 31 AM 9:00
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

1  Lawrence H. Meuers
2  (SBN: 197663)
   Steven E. Nurenberg
3  *FL Bar No. 0808431*
4  Steven M. De Falco
   *FL Bar No. 0733571*
5  MEUERS LAW FIRM, P.L.
6  5395 Park Central Court
   Naples, Florida 34109
7  Telephone: (239) 513-9191
8  Facsimile: (239) 513-9677
   lmeuers@meuerslawfirm.com
9  snurenberg@meuerslawfirm.com
10 sdefalco@meuerslawfirm.com

11 Attorneys for Plaintiff

12

13              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF CALIFORNIA
14                  SAN DIEGO DIVISION

15                                    07 CV 2088 JAH CAB

16 FORTUNE GROWERS, LLC, a          Case No.: _____
   Nevada limited liability company,
17
        Plaintiff,
18                                    PLAINTIFF'S MEMORANDUM
                                      OF POINTS AND
19 vs.                                AUTHORITIES IN SUPPORT OF
                                      EX-PARTE MOTION FOR
20 SOUTHERN CITRUS, INC., a          TEMPORARY RESTRAINING
   California corporation; HANA GIBO, ORDER AND MOTION FOR
21 an individual; and SABAH          PRELIMINARY INJUNCTION
22 YOUKHANNA, an individual,

23      Defendants.

24
25     Plaintiff, Fortune Growers, LLC ("Fortune Growers") submits its

26 Memorandum of Points and Authorities in support of an Ex-Parte Motion for

27 Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b), and its Motion

28

1    for Preliminary Injunction pursuant to Rule 65(a).  Submitted in support of

2    Plaintiff's Motion are the Certification of applicant's attorney as to why notice is

3
     not required and the sworn Affidavit of Luis Solarte, Managing Member of
4

5    Fortune Growers.

6                                    **INTRODUCTION**

7            Plaintiff is engaged in the business of buying and selling wholesale
8
     quantities of perishable agricultural commodities ("Produce") in interstate
9

10   commerce.

11           Defendant Southern Citrus, Inc. ("Southern Citrus"), upon information
12
     and belief, is a California corporation with its principal place of business in
13

14   Chula Vista, California and is and was at all times pertinent herein, a dealer and

15   commission merchant and subject to the provisions of the Perishable
16

17   Agricultural Commodities Act ("PACA").

18           Plaintiff seeks enforcement of the statutory trust established under the
19
     PACA, 7 U.S.C. §499e(c), and the regulations issued pursuant thereto, 7 C.F.R.
20

21   Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984).  The Court's jurisdiction is invoked

22   pursuant to 7 U.S.C. §499e(c)(5).

23
                                    **THE PACA TRUST**
24

25           PACA was enacted in 1930 to "suppress unfair and fraudulent practices in

26   the marketing of fruits and vegetables in interstate and foreign commerce" and
27

28

1   "provides a code of fair play . . . and aid to [agricultural] traders in enforcing

2   their contracts." 49 Fed. Reg at 45737.

3       In 1984, PACA was amended to assure that suppliers of Produce are paid

4

5   by imposing a statutory trust on all Produce-related assets, such as the Produce

6   itself or other products derived therefrom, as well as any receivables or

7
    proceeds from the sale thereof, held by agricultural merchants, dealers and
8

9   brokers. 7 U.S.C. §499e(c)(2).  Tanimura & Antle, Inc. v. Packed Fresh Produce,

10  Inc., 222 F. 3d 132 (3rd Cir. 2000).  The trust must be maintained for the benefit of

11
    the unpaid suppliers, sellers or agents who provided the commodities until full
12

13  payment has been made.  Id.  The trust provision thus offers sellers of Produce,

14  "a self-help tool that will enable them to protect themselves against the

15
    abnormal risk of losses resulting from slow-pay and no-pay practices by buyers
16

17  or receivers of fruits and vegetables." 49 Fed. Reg. at 45737.

18      Failure to maintain the trust and make full payment promptly to the trust

19
    beneficiary is unlawful. 7 U.S.C. §499b(4).  Produce dealers "are required to
20

21  maintain trust assets in a manner that such assets are freely available to satisfy

22  outstanding obligations to sellers of perishable agricultural commodities[,]" and

23
    any act or omission inconsistent with this responsibility, including dissipation of
24

25  trust assets, is proscribed. 7 C.F.R. §46.46(e)(1).  Dissipation of trust assets,

26
    defined as the diversion of trust assets or the impairment of a seller's right to
27

28

1   obtain payment (7 C.F.R. §46.46(b)(2)), is forbidden. 7 C.F.R. §46.46(e)(i).

2                   **ENTITLEMENT TO TEMPORARY**
3              **RESTRAINING ORDER WITHOUT NOTICE**

4         Rule 65(b) of the Federal Rules of Civil Procedure sets forth the standard

5   under which a Temporary Restraining Order may be issued without notice:
6

7                   A temporary restraining order may be granted without
                   written or oral notice to the adverse party or that party's
8                   attorney only if (1) it clearly appears from specific facts
                   shown by Declaration or by the verified complaint that
9                   immediate and irreparable injury, loss, or damage will
10                  result to the applicant before the adverse party or that
                   party's attorney can be heard in opposition, and (2) the
11                  applicant's attorney certifies to the court in writing the
                   efforts, if any, which have been made to give the notice
12                  and the reasons supporting the claim that notice should
13                  not be required.

14
15        In seeking relief pursuant to Rule 65 of the Federal Rules of Civil

16  Procedure, Plaintiff relies exclusively upon the Affidavit of Luis Solarte, which

17  states that:
18

19        a)   Fortune Growers has not been paid for $115,266.40 worth of
             produce that it sold to Southern Citrus, Inc. (See ¶24 of the
20            Declaration of Luis Solarte filed contemporaneously herewith
             ("Solarte Affidavit").
21

22        b)   Promised payment has not been received. (¶25, Solarte Affidavit)

23        c)   Fortune Growers has been forced to call Southern Citrus numerous
             times in order to secure payment. (¶¶19, 20, Solarte Affidavit)
24

25        d)   Calls made to Southern Citrus by Fortune Growers have been
             avoided from June through August. (¶¶21, 23, Solarte Affidavit)
26

27        e)   Southern Citrus' PACA license has been terminated.  (¶22, Solarte

28  Plaintiff's Memorandum of Points and Authorities in Support of Ex-Parte Motion for          Page 4 of 10
   Temporary Restraining Order and Motion for Preliminary Injunction

Affidavit.)

All of this evidence indicates that Southern Citrus is in severe financial jeopardy and the PACA trust assets are being threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990).

The giving of notice will only provide Defendants with advance warning that an order may be entered, thereby giving time to Defendants to further dissipate trust assets by paying personal liabilities or non-trust creditors prior to the entry of the order.  Thus, a further loss of trust assets would result if there is notice.  Because it is all but impossible to recover trust assets once there has been dissipation, H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411, J.R. Brooks & Son, Inc. v. Norman's Country Market Inc, 98 B.R. 47, 50 (Bkrtcy. N.D. Fla. 1989), the loss to Plaintiffs and other trust creditors would be irreparable. Continental Fruit v. Thomas J. Gatziolis & Co., 774 F.Supp. 449 (N.D. Ill. 1991); Gullo Produce Co., Inc. v. Jordan Produce Co., Inc, 751 F.Supp. 64 (W.D. Pa. 1990).  Furthermore, a prompt hearing will be held on Plaintiff's Motion for Preliminary Injunction, and Defendants can file an immediate application to dissolve the Temporary Restraining Order under Rule 65(b).

Caselaw supports Plaintiff's entitlement to an immediate injunction requiring non-dissipation of trust assets when the Produce supplier is not paid.

1   <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, *supra*, p. 159 ("Upon a showing that the trust is

2   being dissipated or threatened with dissipation, a district court should require

3
    the PACA debtor to escrow its proceeds from produce sales, identify its
4

5   receivables, and inventory its assets."); <u>Dole Fresh Fruit Co. v. United Banana

6   Co.</u>, 821 F.2d 106 (2d Cir. 1987); <u>In re Richmond Produce Co., Inc.</u>, 112 B.R. 364,

7
    367 (Bkrtcy. N.D. Cal. 1990).
8

9         The foundational principle for preliminary relief is that "it is a sound idea

10  to maintain the <u>status quo ante litem</u>, provided that it can be done without

11
    imposing too excessive an interim burden upon the defendant."  <u>Blackwelder
12

13  Furniture Company v. Seilig Manufacturing Co., Inc.</u>, 550 F.2d 189, 195 (4th Cir.

14  1979). See also, <u>Federal Leasing, Inc. v. Underwriters at Lloyd's</u>, 650 F.2d 495,

15
    499 (4th Cir.1981).
16

17        The standard for granting injunctive relief in the 9th Circuit requires the

18  moving party to show:  (1) substantial likelihood of success on the merits;  (2)

19
    irreparable harm if an injunction is not granted; (3) the benefits of the injunction
20

21  outweigh the harm to defendants; and (4) the issuance of the injunction will not

22  harm the public interest.  <u>Regents of University of California v. ABC, Inc.</u>, 747

23
    F.2d 511, 515 (9th Cir. 1984); <u>Los Angeles memorial Coliseum Comm'n v.
24

25  National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980).  Always, of course,

26
    the public interest should be considered. <u>Blackwelder</u>, 550 F.2d at 196.
27

28  Plaintiff's Memorandum of Points and Authorities in Support of Ex-Parte Motion for          Page 6 of 10
    Temporary Restraining Order and Motion for Preliminary Injunction

There are also a number of unreported cases from the Ninth Circuit supporting the issuance of temporary restraining orders without notice to halt dissipation of trust assets. See Orders issued by United States District Courts in the Ninth Circuit, attached hereto as Composite Exhibit A: <u>Eakin Fruit Company v. Williams AG Brokerage Company, Inc., et al.,</u> Case No. 3:07-cv-00144-IEG-RBB (S.D.Ca. January 23, 2007); <u>RBP Nogales, LLC v. San Diego Foods, Inc., et al.,</u> Case No. 02-cv-1344-AJB (S.D.Ca. July 10, 2002); <u>Grimmway Enterprises, Inc. v. Premium Fresh Farms, LLC., et. al.,</u> Case No. 06-cv-02931-RMW (N.D.Ca. May 5, 2006); <u>Andrew Smith Company v. Naturebest Pre-Cut & Produce, LLC et. al.,</u> Case No. 06-cv-405 (N.D.Ca. February 3, 2006); <u>C&R Fresh LLC et al v. Vazquez et al.</u> , Case No. 05-cv-1458 (N.D.Ca. April 19, 2005).

The facts in this case show that Plaintiff is entitled to the requested relief.

**1.    <u>Likelihood of success on the merits</u>**

Luis Solarte's Affidavit demonstrates that Plaintiff is owed for non-payment of Produce and has properly preserved its trust claim in the amount of $115,266.40 as required under the PACA and implementing regulations. Defendants have no defense to these claims under the PACA. Accordingly, Plaintiff will almost certainly prevail in any hearing on the merits of its claim.

**2.    <u>Irreparable harm</u>**

In cases interpreting the rights of PACA creditors, courts in other

jurisdictions have recognized that, without injunctive relief, Plaintiffs faced with an insolvent debtor will receive neither the trust assets nor the proceeds of such assets. See Gullo Produce, 751 F.Supp. at 67. This has been found to constitute irreparable harm. Id.; See also Frio Ice, 918 F.2d at 159 ("[t]he legislative history [of the PACA] noted that once the trust is dissipated it is almost impossible for the beneficiary to obtain recovery"). A moving party need only show actual dissipation or the threat of dissipation of the PACA trust in order to obtain injunctive relief and a segregation of the trust proceeds. Frio Ice, 918 F.2d at 159, n. 8.

In the instant case, injunctive relief will force Defendants to cease dissipation of the PACA trust, prevent non-trust creditors from obtaining trust assets ahead of the trust's beneficiaries as well as other produce creditors not entitled to remedies under the PACA, and require Defendants to return the trust to a fully-funded level sufficient to satisfy the claims of qualified beneficial interests in full. In short, it will force Defendants to comply with the law. Because it is virtually impossible to recover trust assets once they have been dissipated, the loss to Plaintiff and other trust creditors is irreparable.

3.    **Balancing of harm**

Defendants cannot be harmed by the issuance of an injunction because the relief Plaintiff seeks is merely to force the Defendants to comply with its pre-

1   existing obligations under federal law - that is, to preserve the PACA trust assets

2   for the benefit of PACA beneficiaries and make "full payment promptly" on all

3   Produce related invoices.  On the other hand, the risk of harm to Plaintiff is

4
5   great if Defendants are allowed to further dissipate trust assets.  As stated

6   above, numerous courts have recognized the fact that once the PACA trust

7
8   assets are dissipated, an unpaid trust claimant in Plaintiff's position is extremely

9   unlikely to recover any portion of its beneficial interest in the trust, a result

10  contrary to the express purpose of the statute.

11
       **4.    Public interest**
12
13  The strong preference for PACA trust creditors which Congress expressed

14  in the 1984 trust amendments to the PACA clearly demonstrates the public

15
    interest at stake in this case.  These safeguards were established in order to
16
17  assure payment to the producers of perishable agricultural products.  There can

18  scarcely be a more vital public concern than the economic security of this

19
    nation's food supply.  This supply and distribution chain consists of the very
20
21  same growers, producers and distributors, which Congress sought to protect by

22  enacting this legislation.  To deny Plaintiff the requested relief would be to

23
    erode the protection Congress guaranteed these parties by passing the PACA
24
25  and the regulations promulgated thereunder.    Therefore, the requested

26  injunction is clearly in the public interest.

27

28

1    The instant claim for relief meets each of these tests, and accordingly,

2  should be granted in all respects.

3    For the foregoing reasons, Plaintiff respectfully submits that its Ex-Parte

4
5  Motion for Temporary Restraining Order and Motion for Preliminary Injunction

6  be granted.

7
8    Respectfully submitted this 26th day of October, 2007.

9                MEUERS LAW FIRM, P.L.

10   By: Lawrence H. Meuers

11        Lawrence H. Meuers, Esq.
         (SBN: 197663)
12        Steven E. Nurenberg, Esq.
13        FL Bar No. 0808431
         Steven M. De Falco
14        FL Bar No. 0733571
15        5395 Park Central Court
         Naples, Florida 34109
16        Telephone: (239) 513-9191
17        Facsimile: (239) 513-9677
         lmeuers@meuerslawfirm.com
18        snurenberg@meuerslawfirm.com
19        sdefalco@meuerslawfirm.com

20        Attorneys for Plaintiff
21
22
23
24
25
26
27
28

# Exhibit A

FILED

07 JAN 23 PM 4:58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY‧                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAKIN FRUIT COMPANY, a Washington Corporation,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>WILLIAMS AG COMMODITIES BROKERAGE, INC., A California Corporation; CLINT WILLIAMS, an individual; and H. WILT WILLIAMS, JR., an individual,<br><br>                                    Defendants. | CASE NO. 07-CV-144 – IEG (RBB)<br><br>**TEMPORARY RESTRAINING ORDER** |

Presently before the court is Eakin Fruit Company's ("plaintiff") Ex Parte Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by Declaration or verified complaint that immediate and irreparable injury, loss or damage will result before adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the Declaration of Michael R. Riehl, Director of Sales for plaintiff, that plaintiff Eakin Fruit Company is a produce dealer and trust creditor of defendant Williams AG Commodities Brokerage, Inc. ("Williams AG") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c), and has not been paid for produce in the total amount

1    of $53,038.75 supplied to Williams AG as required by PACA. The Declaration of Michael R. Riehl

2    and Certification of Counsel reveals that plaintiff believes defendant is in severe financial jeopardy

3    and that PACA trust assets are being dissipated or threatened with dissipation and that defendant is

4    not or may not be in a position to pay creditor's claim. See Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d

5    154 (11th Cir. 1990); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir. 1990). Thus, the

6    relief requested by plaintiff is warranted. On the basis of the pleadings, the Declaration of Michael

7    R. Riehl, and other submissions plaintiff has filed in this matter, it appears plaintiff will suffer

8    immediate and irreparable injury due to Williams AG's dissipation of plaintiff's beneficial interest in

9    the statutory trust created pursuant to 7 U.S.C. §499e(c). In addition, this threatened dissipation will

10   continue in the absence of immediate injunctive relief.

11        If notice is given to Williams AG and the other defendants named in the lawsuit, Clint

12   Williams and H. Wilt Williams, Jr., of the pendency of this motion, trusts assets will be further

13   threatened with dissipation before the motion on preliminary injunction can be heard. As noted in the

14   legislative history of PACA, once dissipation has occurred, recovery of trust assets is nearly

15   impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin.

16   News 405, 411; J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.

17   Fla. 1989). Entry of this Temporary Restraining Order without notice assures retention of the trust

18   assets under the control of this court, which is specifically vested with jurisdiction over the trust.

19   7 U.S.C. §499e(c). In accord with Fed. R. Civ. Pro. 65(b)(2), plaintiff's attorney has certified why

20   notice should not be required.

21        Based on the foregoing reasons and consideration of plaintiff's papers, the court finds that

22   plaintiff and other PACA trust creditors, if any, will suffer immediate irreparable injury in the form

23   of the loss of trust assets. Thus, a Temporary Restraining Order should be issued without notice to the

24   defendants.

25        The court hereby orders that:

26        (1)    Defendant Williams AG, its member agents, officers, subsidiaries, assigns, banking

27               and financial institutions, and all persons in active concert or participation with

28               Williams AG, including Clint Williams and H. Wilt Williams, are enjoined and

1    restrained from dissipating, paying, transferring, assigning, or selling any and all assets

2    covered by or subject to the trust provisions of PACA without agreement of the

3    plaintiff, or until further order of the court. Under §499e(c)(2) of PACA, the assets

4    subject to this order include all assets of Williams AG unless Williams AG can prove

5    to this court that a particular asset is not derived from perishable agricultural

6    commodities, inventories of food or other products derived from perishable agricultural

7    commodities or receivables or proceeds from the sale of such commodities or products.

8    Provided however, Williams AG may sell perishable agricultural commodities or

9    products derived from perishable agricultural commodities for fair compensation,

10    without right of set-off, on the condition that Williams AG maintains the proceeds of

11    such sale subject to this order.

12    (2)    This Temporary Restraining Order shall be binding upon the parties to this action and

13    all other persons or entities who receive actual notice of this order by personal service

14    or other acceptable means of service.

15    (3)    The $53,038.75 in PACA trust assets belonging to plaintiff and in the possession of

16    defendants will serve as plaintiff's security for this injunction as required by Rule 65(c)

17    of the Fed. R. Civ. Pro.

18    (4)    Plaintiff shall **forthwith** serve defendants with a copy of this order, together with the

19    annexed Declaration of Michael R. Riehl, and Memorandum of Law in Support of Ex-

20    Parte Motion for Temporary Restraining Order, and any other documentation

21    previously filed with the court, in accordance with the Fed. R. Civ. Pro.

22    (5)    This Temporary Restraining Order is entered this 23rd day of January 2007 at 3:20

23    p.m.

24    (6)    A hearing on plaintiff's motion for preliminary injunction is set for **February 6, 2007**

25    **at 10:00 a.m. in Courtroom 1** of the Edward J. Schwartz United States District

26    Courthouse, 940 Front St., San Diego CA 92101.

27    (7)    Defendants' opposition to the plaintiff's motion for preliminary injunction, if any, shall

28    be filed **no later than January 31, 2007** with a courtesy copy to be delivered to

- 3 -

1    chambers on that date.

2    (8)    Plaintiff's reply, if any, shall be filed **no later than February 2, 2007.**

3    **IT IS SO ORDERED.**

4

5    Dated: _____1/23/07_____

6

7

8    **Hon. Irma E. Gonzalez, Chief Judge**
     United States District Court
9    Southern District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv144



ORIGINAL

1   Lawrence H. Meuers (SBN: 197663)
2   MEUERS LAW FIRM, P.L.
    5395 Park Central Court
3   Naples, FL  34109
    Tel: (239) 513-9191
4   Fax: (239) 513-9677
5
    Attorneys for Plaintiffs
6
7
8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA

10                                      )   Case No. 02 CV 1344 W (AJB)
    RBP NOGALES, LLC.,                  )
11                                      )
            Plaintiff,                  )
12                                      )
13      vs.                             )   TEMPORARY RESTRAINING
                                        )   ORDER
14  SAN DIEGO FOODS, INC., a            )
15  corporation and MATT MARTINEZ,      )
    an individual,                      )
16                                      )
17          Defendants.                 )
                                        )
18

19          This matter is before the Court upon Plaintiff's Ex-Parte Motion for Temporary

20  Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

21  Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to
22
    the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or
23
24  verified complaint that immediate and irreparable injury, loss or damage will result

25  before the adverse party can be heard in opposition, and (2) the applicant's attorney

26  certifies the reasons that notice should not be required.
27

28
    Temporary Restraining Order                                          Page 1

                                       4

07/09/2002 TUE 13:31  FAX 2395139677

1    In this case, it clearly appears from the affidavit of Eduardo ("Eddie") Martin

2  Hernandez that Plaintiff RBP Nogales, LLC is a produce dealer and trust creditor of

3  Defendant San Diego Foods, Inc. ("San Diego Foods") under Section 5(c) of the

4  Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been

5  paid for produce in the total amount of $31,773.15 supplied to said Defendant as

6  required by the PACA.  It is also clear from the same affidavit and the certification of

7  counsel that said Defendant is in severe financial jeopardy and the PACA trust assets

8  are being dissipated or threatened with dissipation (Frio Ice, S.A. v. Sunfruit, Inc., 918

9  F.2d 154 (11th Cir. 1990)) and that said Defendant is not or may not be in a position to

10  pay creditor's claim (JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75 (2d Cir.

11  1990)), thereby warranting the relief requested by Plaintiff.  On the basis of the

12  pleadings, affidavit and other submissions Plaintiff has filed in this matter, it appears

13  Plaintiff will suffer immediate and irreparable injury due to said Defendant's dissipation

14  of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C.

15  §499e(c), and that such dissipation will continue in the absence of injunctive relief.

16  Therefore, the Court is of the opinion that a Temporary Restraining Order should be

17  issued.

18    If notice is given to Defendant of the pendency of this motion, trust assets will be

19  further threatened with dissipation before the motion is heard.  As noted in the

20  legislative history of PACA, once dissipation has occurred, recovery of trust assets is all

21  but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984

22  U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country

Temporary Restraining Order                                      Page 2

1  Market, Inc., 98 B.R. 47 (Bkrtcy. N.D.Fla. 1989). Entry of this Order without notice

2  assures retention of the trust assets under the control of this Court which is specifically

3
   vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(5). In accord with Rule
4
5  65(b)(2), the applicant's attorney has certified why notice should not be required.

6      Based on the foregoing, the Court finds that Plaintiff and other PACA trust

7  creditors, if any, will suffer immediate irreparable injury in the form of a loss of trust

8  assets unless this order is granted without notice.
9
10     Therefore, it is by the United States District Court for the Southern District of

11 California

12 **ORDERED:**

13     1.    Defendant San Diego Foods, Inc. ("San Diego Foods"), its agents,
14
15 officers, subsidiaries, assigns, banking and financial institutions, and all persons in

16 active concert or participation with said Defendant, are enjoined and restrained from

17 dissipating, paying, transferring, assigning or selling any and all assets covered by or

18
   subject to the trust provisions of the PACA without agreement of RBP Nogales, LLC or
19
20 until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this

21 order include all of the assets of San Diego Foods unless San Diego Foods can prove to

22 this Court that a particular asset is not derived from perishable agricultural

23
   commodities, inventories of food or other products derived from perishable agricultural
24
25 commodities or receivables or proceeds from the sale of such commodities or products.

26 Provided however, San Diego Foods may sell perishable agricultural commodities or

27 products derived from perishable agricultural commodities for fair compensation,

28
   Temporary Restraining Order                                                    Page 3

1  without right of set-off, on the condition that San Diego Foods maintains the proceeds

2  of such sale subject to this Order.

3     2.    This Order shall be binding upon the parties to this action and all other

5  persons or entities who receive actual notice of this Order by personal service or

6  otherwise.

7     3.    The $31,773.15 . in PACA trust assets belonging to Plaintiff and in the

8  possession of the Defendant will serve as Plaintiffs' security for this injunction as

10 required by Rule 65(c) of the Federal Rules of Civil Procedure.

11    This  Temporary  Restraining  Order  is  entered  this  _10th_ day  of

12 _July_, 2002, at _3:00_ _p_.m.   A hearing on Plaintiffs' motion for

13 preliminary injunction is set for the _22nd_ day of _July_, 2002 at _10:30_

14 _a_.m. . Plaintiff shall forthwith serve Defendants, or their resident agent, or their

16 counsel, with a copy of this Order.

17    **DONE and ORDERED**, this _10th_ day of _July_,

18 2002 at _San Diego_, California.

20                         _____
                           United States District Judge
21                         Southern District of California

28 Temporary Restraining Order                                    Page 4

Case 5:06-cv-02931-RMW     Document 8     Filed 05/05/2006     Page 1 of 2

1

2

3

4                                         E-FILED on ___5/5/06___

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11

| | |
|---|---|
| 12  GRIMMWAY ENTERPRISES, INC. d/b/a GRIMMWAY FARMS, | No. C-06-02931 RMW |
| 13                    Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; DENYING PLAINTIFF'S MOTION TO CONSOLIDATE MOTION FOR PRELIMINARY INJUNCTION WITH TRIAL |
| 14                 v. | |
| 15  PREMIUM FRESH FARMS, LLC; SALVADORE PAUL TARANTINO; EMMITT L. PFOST; PAUL E. DUNHAM; GREG SWENSON; PDP ASSOCIATES, LLC; and AG HARVESTING & TECHNOLOGIES, LLC, | [Re Docket Nos. 4, 7] |
| 19                    Defendants. | |

20

21  TO DEFENDANTS PREMIUM FRESH FARMS, LLC; SALVADORE PAUL TARANTINO;
EMMITT L. PFOST; PAUL E. DUNHAM; GREG SWENSON; PDP ASSOCIATES, LLC; AG
22  HARVESTING & TECHNOLOGIES, LLC, AND THEIR ATTORNEYS OF RECORD:

23                     **TEMPORARY RESTRAINING ORDER**

24           This matter is before the court upon *Ex Parte* Motion for Temporary Restraining Order by

25  Grimmway Enterprises, Inc. d/b/a Grimmway Farms ("Plaintiff") pursuant to Federal Rule of Civil

26  Procedure 65(b).  Under Rule 65(b), a temporary restraining order may be granted without notice to

27  the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified

28  complaint that immediate and irreparable injury, loss, or damage will result before the adverse party

Case 3:07-cv-02088-JAH-CAB     Document 5     Filed 10/31/2007     Page 8 of 9

1   can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should

2   not be required.

3       It appears to the court (1) that defendants Premium Fresh Farms, LLC; Salvadore Paul

4   Tarantino; Emmitt L. Pfost; Paul E. Dunham; Greg Swenson; PDP Associates, LLC; and AG

5   Harvesting & Technologies, LLC ("Defendants") have engaged in transactions requiring the

6   establishment of a statutory trust to the benefit of Plaintiff pursuant to the Perishable Agricultural

7   Commodities Act ("PACA"), 7 U.S.C. § 499e; (2) that Defendants are presently engaged in

8   dissipating the assets it is required to keep in trust under PACA; (3) that they will continue to do so

9   unless restrained by order of this court; (4) that notice of this TRO would cause further dissipation in

10   advance of a court order; and (5) that immediate and irreparable injury, loss, and damage will result

11   to Plaintiff if Defendants are not restrained from distributing claimed proceeds of the PACA trust

12   pending a hearing and determination of Plaintiff's motion for preliminary injunction.  Accordingly,

13       IT IS HEREBY ORDERED:

14   1.     That Defendants, their counsel, agents, officers, assigns, or representatives be and hereby are

15          restrained and enjoined pending the hearing and determination of Plaintiff's motion for

16          preliminary injunction from:

17             a.     Removing, withdrawing, transferring, assigning, or selling to any other person

18                   or entity, the proceeds from the sales of any or all existing or future

19                   inventories of food or other products derived from perishable agricultural

20                   commodities as defined in PACA, 7 U.S.C. § 499a(b), or receipts of payment

21                   for such agricultural commodities sold prior to the date of this order,

22                   provided, however that Defendants may sell perishable agricultural

23                   commodities or products derived from perishable agricultural commodities for

24                   fair compensation without right of set-off, on the condition that Fresh Farms

25                   maintains the proceeds of such sale subject to this order.

26             b.     Taking any other action which causes dissipation of Plaintiff's beneficiary

27                   interest in PACA trust assets; or

28             c.     Taking any action that violates the provisions of 7 U.S.C. § 499b(4).

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
C-06-02931 RMW
SPT                                              2

Case 3:00-cv-00001-XXX    Document 5    Filed XX/XX/XXXX    Page 5 of 5

2.    This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3.    The $101,074.84 in PACA trust assets belonging to Plaintiff and in the possession of Defendants will serve as Plaintiff's security for this injunction as required by Federal Rule of Civil Procedure 65(c).

4.    Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order.

## ORDER

Plaintiff's motion to consolidate the trial on the merits with the hearing on preliminary injunction is denied without prejudice. Although Plaintiff may be correct that consolidation would result in considerable economy, given that Plaintiff's complaint, filed concurrently with its *ex parte* application for temporary restraining order on May 1, 2006, has not been served upon Defendants, Defendants will have had no notice of trial and could be unfairly prejudiced.

## ORDER TO SHOW CAUSE

IT IS FURTHER ORDERED that Plaintiff shall serve the complaint, motion for preliminary injunction, and any supporting documentation previously filed with the court on Defendants within two (2) days; that Defendants shall file an opposition brief to Plaintiff's motion no later than Wednesday, May 10, 2006; that Plaintiff shall file a reply thereto no later than Friday, May 12, 2006; and that, in consideration of the four weekend days following entry of this Order, the Order shall be extended for good cause shown through May 19, 2006 and Defendants shall appear before the Honorable Ronald M. Whyte in courtroom 6, 4th floor, United States District Courthouse, located at 280 South First Street, San Jose, CA 95113, on Friday, May 19, 2006, at 9:00 a.m., or as soon thereafter as this matter may be heard, to show cause why they should not be enjoined and restrained from distributing PACA trust assets as set forth in the temporary restraining order pending the final hearing and determination of this action.

ISSUED ON:    5/5/06    at  2:00 p.m.

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
C-06-02931 RMW
SPT    3

Case 3:06-cv-02931-RMW     Document 5     Filed 05/05/2006     Page 4 of 4

1 | Notice of this document has been electronically sent to:

2 | **Counsel for Plaintiff:**

3 | Lawrence Henry Meuers                    lmeuers@meuerslawfirm.com

4

5 | **Counsel for Defendants:**
No appearance

6

7 | Counsel are responsible for distributing copies of this document to co-counsel that have not

8 | registered for e-filing under the court's CM/ECF program.

9

10 | Dated:        5/5/06                              SPT
11 |                                                   **Chambers of Judge Whyte**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
C-06-02931 RMW
SPT                                                          4

Case 3:06-cv-00405-JW     Document 3     Filed 01/23/2006     Page 1 of 5

1  | Paul W. Moncrief, Esq. #204239
2  | LOMBARDO & GILLES, PC
   | 318 Cayuga Street
   | Salinas, California 93901
3  | Telephone: 831.754.2444
   | Facsimile: 831.754.2011
4  |
5  | Attorneys for Plaintiff,
   | Andrew Smith Company
6  |
7  |                                          E-Filing
8  |      JAN 23 2006        IN THE UNITED STATES DISTRICT COURT
9  |      CLERK U.      FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
   |      NORTHERN DI..
10 | ANDREW SMITH COMPANY,            C06  00405        No.
11 |            Plaintiff,                    ) [PROPOSED] TEMPORARY
   |                                          ) RESTRAINING ORDER AND
12 | v.                                       ) ORDER TO SHOW CASUE RE:
   |                                          ) PRELIMINARY INJUNCTION AND
13 | NATUREBEST PRE CUT & PRODUCE, LLC,       ) PROPOSED PRELIMINARY
   | MAXIMILIANO MACHADO, and DOES 1-20       ) INJUNCTION
14 | inclusive                                )
   |                                          )
15 |            Defendants.                   )
   |                                          )
16 | _____  )
17 |      Upon review of the Complaint of Plaintiff ANDREW SMITH COMPANY on file in
18 | the above-captioned action, and the declarations, exhibits and Memorandum of Points and
19 | Authorities in support of Plaintiff's Motion for a Temporary Restraining Order and/or
20 | Preliminary Injunction submitted therewith, and any and all documents provided by
21 | Defendants NATUREBEST PRE CUT & PRODUCE, LLC, MAXIMILIANO MACHADO, and
22 | DOES 1-20 inclusive (hereinafter referred to collectively as "Defendants") in opposition
23 | thereto, and it appearing to the satisfaction of the Court that this is a proper case for granting
24 | a Temporary Restraining Order and Order to Show Cause,
25 |      **IT IS HEREBY ORDERED** that:
26 |      1.     Defendants appear in Courtroom of the U.S. District Court for the Northern
27 | District of California, San Jose Division, 280 S, 1st Street, Rm. 2112, San Jose, California 95113
28 |

_____   1

*Andrew Smith Company v.Naturebest Precut, et al.*
[Proposed] Temporary Restraining Order

Case 3:07-cv-02088-JAH-CAB     Document 5     Filed 10/31/2007     Page 2 of 5

1   on **FEB. 27**_____, 2006, at **9:00 a.** m., or as soon thereafter as the matter may be

2   heard, then and there to show cause, if any they have, why they, their agents, bankers,

3   subsidiaries, successors, assignees, principals, employees, attorneys, and representatives

4   should not be restrained and preliminarily enjoined during the pendency of this action,

5   pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing,

6   or performing directly and indirectly, any and all of the following acts:

7           a.      Removing, withdrawing, transferring, assigning or selling to any other

8       person or entity, the proceeds from the sales of any or all existing or future inventories of

9       food or other products derived from perishable agricultural commodities as defined in

10      the Perishable Agricultural Commodities Act ("PACA" [7 U.S.C. §499e et *seq.*]), and/or

11      receipts of payment for products sold prior to the date of this order and/or otherwise

12      disposing of assets, books or funds;

13          b.      Taking any other action whatsoever which causes, has the effect of

14      causing, or which otherwise dissipates Plaintiff's beneficiary interest in PACA trust

15      assets;

16          c.      Taking any other action whatsoever which violates 7 U.S.C. §499e(c) (1)

17      through (4), inclusive, and 7 U.S.C. §499b(4).

18      2.      Defendants, their owners, officers, directors, bankers, agents, subsidiaries,

19  successors, assignees, principals, assignors, attorneys and persons acting in concert with them,

20  appear at the same time and place to show cause, if any they have, why they should not be

21  commanded by order of this Court and required to distribute PACA trust assets in the amount of at

22  least $50,473.85, which includes $41,521.13, the cumulative amount of the PACA Trust

23  principal owing to Plaintiff, plus $2,415.22 in finance charges per agreement accrued from the

24  dates of default for each transactions through December 21, 2005 and attorneys' fees in the

25  amount of $6,387.50 and costs of $150.00.

26      3.      Pending the hearing and determination of the foregoing Order to Show Cause,

27  Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and

28  persons acting in concert with them shall be and hereby are prevented from transferring,

*Andrew Smith Company v.Naturebest Precut, et al.*
[Proposed] Temporary Restraining Order

Case 3:07-cv-02088-JAH-CAB    Document 5    Filed 10/31/2007    Page 2 of 5

1  withdrawing or in any other manner removing PACA trust assets, including funds on deposit in
2  banking accounts held by or on behalf of Defendants, from Defendants' banking accounts,
3  including but not limited to Account Number 750232714 at Whitney National Bank, 12600
4  Memorial Drive, Houston, Texas 77024, or any other subsequently identified banking accounts
5  standing in the names of or for the benefit of Defendants, or any of them.

6      4.    Pending the hearing and determination of the foregoing Order to Show Cause,
7  and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be
8  preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any
9  and all of the following:

10          a.    Removing, withdrawing, transferring, assigning or selling to any other
11      person or entity, the proceeds from the sales of any or all existing or future inventories of
12      food or other products derived from perishable agricultural commodities, and/or receipts of
13      payment for products or crops sold prior to the date of this order and/or otherwise disposing
14      of assets, books or funds;

15          b.    Taking any other action whatsoever which causes, has the effect of
16      causing, or which otherwise dissipates the PACA trust assets;

17          c.    Taking any other action whatsoever which violates 7 U.S.C.
18      §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4).

19      5.    In the event Defendants lack sufficient funds to promptly deposit the sums
20  described above, Defendants shall be and hereby are required and ordered to:

21          a.    Immediately account to the Court and Plaintiff for all assets of the
22      PACA trust from commencement of Defendants' business through the date of this
23      Order.

24          b.    Immediately assign Defendants' inventory of perishable agricultural
25      commodities and produce related receivables to Plaintiff for sale and collection until
26      Plaintiff's PACA trust claims are fully paid, and deposit and/or deliver complete
27      accounts, records, and information of all of said receivables to Plaintiff's counsel
28      without charge to the trust, and subject to Plaintiff's counsel making a weekly

3

*Andrew Smith Company v.Naturebest Precut, et al.*
[Proposed] Temporary Restraining Order

Case 3:07-cv-02088-JAH   Document 5   Filed 10/31/2007   Page 2 of 8

1   accounting for all receivables received or collected by Plaintiff's counsel in that

2   regard. Plaintiff's counsel shall act as trustee in connection with its duties of

3   collection of the accounts receivable and shall deposit any cash assets of the trust

4   which are collected under this order in a trust account.

5       c.      Endorse any checks made, endorsed or paid, to Defendants which are trust

6   assets and which are in their possession or obtainable by Defendants at the time of the

7   entry of this Order, or which Defendants obtain or which become obtainable by

8   Defendants after the entry of this Order, including but not limited to checks representing

9   payment for sales of inventory, and shall deliver such checks within 48 hours of

10   Defendants' receipt of them to Plaintiff's counsel as set forth above. Likewise,

11   Defendants shall deliver any cash assets of the PACA trust which are in its possession or are

12   obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or

13   which become obtainable by Defendants after entry of this Order, within 48 hours of

14   Defendants receipt of them to Plaintiff's counsel.

15       d.      File weekly with this Court satisfactory evidence of compliance with the

16   terms of this Order.

17   7.      Pending the hearing and determination of the foregoing Order to Show Cause,

18   and continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full

19   and complete and continuing access to all of Defendants' books and records, which shall include

20   but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices,

21   ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business

22   and personal financial status from commencement of Defendants' business activities forward, for

23   the purpose of verifying Defendants' accountings required by this Order and for enforcement of

24   this Order. Defendants shall, upon 48 hours notice by Plaintiff's counsel, allow inspection and

25   copying of the books and records of said Defendants by Plaintiff or its representatives at

26   Defendants' place of business,

27   8.      Pending the hearing and determination of the foregoing Order to Show Cause,

28   and continuing thereafter, Plaintiff shall be entitled to depose, under oath, at reasonable times and

4

Case 3:07-cv-02088-JAH    Document 5    Filed 02/03/2006    Page 5 of 5

1  places, upon at least 48 hours notice, Defendants and/or Defendants' other principals, owners,

2  directors, officers, shareholders, employees, agents and accountants concerning any matter

3  pertaining to any accounting due pursuant to this Order, any books or records which Plaintiff is

4  entitled to inspect under this Order, the trust assets or any of Defendants' business assets,

5  and/or Defendants business practices, procedures or operations from commencement of

6  Defendants' business activities.

7       9.    Plaintiff shall serve Defendants with copies of this Order and all pleadings and

8  other papers in support of the Order on or before Defendants shall file an Opposition, if any, to

9  the Order to Show Cause on or before 5.00 p.m. on *FEB.9, 2006* and shall personally

10  serve Plaintiff's counsel with a copy of said opposition by the same deadline. Plaintiff shall file

11  and serve on Defendant a Reply to Defendants' Opposition on or before *5.00* p.m. on

12  *FEB. 16, 2006*

13       10.    No bond shall be required to be posted by Plaintiff before the Temporary

14  Restraining Order is effective.

15  DATED: *February 3, ~~2004~~ 2006*

16

17

18                                 U.S. DISTRICT COURT JUDGE

19

20

21

22

23

24

25

26

27

28

*Andrew Smith Company v. Naturebest Precut, et al.*
[Proposed] Temporary Restraining Order



Case 3:05-cv-01458-RMW    Document 13    Filed 09/19/2005    Page 1 of 2

E-FILED on ____9/19/05____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| C&R FRESH LLC; HENRY AVOCADO CORPORATION d/b/a CUSTOM RIPE AVOCADO COMPANY; and ONEONTA TRADING CORP,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER VASQUEZ d/b/a LA ESPERANZA PRODUCE; and DAVID B. VAZQUEZ,<br><br>Defendants. | No. C-05-01458 RMW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER; DENYING PLAINTIFF'S MOTION TO CONSOLIDATE MOTION FOR PRELIMINARY INJUNCTION WITH TRIAL<br><br>[Re Docket No. 2, 11] |

TO DEFENDANTS JAVIER VASQUEZ d/b/a LA ESPERANZA PRODUCE, DAVID B. VAZQUEZ, AND THEIR ATTORNEYS OF RECORD:

## TEMPORARY RESTRAINING ORDER

It appears to the court (1) that defendants Javier Vasquez d/b/a La Esperanza Produce and David B. Vazquez, ("Defendants") have engaged in transactions requiring the establishment of a statutory trust to the benefit of C&R Fresh LLC, Henry Avocado Corporation d/b/a Custom Ripe Avocado Company, and Oneonta Trading Corp., ("Plaintiffs") pursuant to the Perishable Agricultural Act ("PACA"), 7 U.S.C. § 499e; (2) that Defendants are presently engaged in dissipating the assets they are required to keep in trust under PACA; (3) that they will continue to do so unless restrained by order of this court; (4) that notice of this TRO would cause further dissipation in advance of a court order; and (5) that immediate and irreparable injury, loss,

ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER—C-05-01458 RMW
MAG

Case 3:07-cv-01458-RMW     Document 15     Filed 04/15/2005     Page 6 of 6

1  and damage will result to Plaintiffs if Defendants are not restrained from distributing claimed proceeds of the

2  PACA trust pending a hearing and determination of Plaintiffs' motion for preliminary injunction. Accordingly,

3       IT IS HEREBY ORDERED that Defendants, their counsel, agents, officers, assigns, or representatives

4  be and hereby are restrained and enjoined pending the hearing and determination of Plaintiffs' motion for

5  preliminary injunction from:

6  1.    Removing, withdrawing, transferring, assigning, or selling to any other person or entity, the proceeds

7      from the sales of any or all existing or future inventories of food or other products derived from

8      perishable agricultural commodities as defined in PACA, 7 U.S.C. § 499a(b), or receipts of payment

9      for such agricultural commodities sold prior to the date of this order, provided, however that

10      Defendants may sell perishable agricultural commodities or products derived from perishable

11      agricultural commodities for fair compensation without right of set-off, on the condition that Defendants

12      maintain the proceeds of such sale subject to this order.

13  2.    Taking any other action which causes dissipation of Plaintiffs' beneficiary interest in PACA trust assets;

14      or

15  3.    Taking any action that violates the provisions of 7 U.S.C. § 499b(4).

16                     **ORDER**

17      Plaintiffs' motion to consolidate the trial on the merits with the hearing on preliminary injunction is denied

18  without prejudice. Although Plaintiffs may be correct that consolidation would result in considerable economy,

19  given that Defendants will have had no notice of trial until the issuance of this order, Defendants could be

20  unfairly prejudiced.

21              **ORDER TO SHOW CAUSE**

22      IT IS FURTHER ORDERED that Plaintiffs shall serve the complaint, motion for preliminary injunction,

23  and any supporting documentation previously filed with the court on Defendants within two (2) days; that

24  Defendants shall file an opposition brief to Plaintiffs' motion no later than Friday, April 22, 2005; that Plaintiffs

25  shall file a reply thereto no later than Tuesday, April 26, 2005; and that Defendants shall appear before the

26  Honorable Ronald M. Whyte in courtroom 6, 4th floor, United States District Courthouse, located at 280

27  South First Street, San Jose, CA 95113, on Friday, April 29, 2005, at 9:00 a.m., or as soon thereafter as this

28  matter may be heard, to show cause why they should not be enjoined and restrained from distributing PACA

ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER—C-05-01458 RMW
MAG            2

Case 3:05-cv-01458-RMW     Document 18     Filed 04/19/2005     Page 3 of 3

1    trust assets as set forth in the temporary restraining order pending the final hearing and determination of this

2    action.

3

4

5    ISSUED ON:     __4/19/05__  at __4:05 p.m.__     ____/s/ Ronald M. Whyte_____

6                                                          RONALD M. WHYTE
                                                          United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 5:05-cv-01458-RMW    Document 13    Filed 04/19/2005    Page 4 of 4

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**

3  Lawrence Henry Meuers                 lmeuers@meuerslawfirm.com

4

5  **Counsel for Defendants:**
   No appearance

6

7  Counsel are responsible for distributing copies of this document to co-counsel that have not registered for
   e-filing under the court's CM/ECF program.

8

9

10

11 **Dated:**          4/19/05                    /s/ MAG
                                                 **Chambers of Judge Whyte**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28