UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTUNE GROWERS, LLC, a Nevada limited liability company, ) ) ) | Case No.: 07CV2088-JAH |
| Plaintiff, ) ) | **PRELIMINARY INJUNCTION ORDER** |
| vs. ) ) | |
| SOUTHERN CITRUS, INC., a California corporation; HANA GIBO, an individual; and SABAH YOUKHANNA, an individual, ) ) ) ) ) ) | |
| Defendants. ) | |

Plaintiff's Motion for Preliminary Injunction under Federal Rule of Civil Procedure 65(a) came before this Court on Wednesday, November 7, 2007 at 10:30 a.m., after proper notice was issued.  Counsel for the Plaintiff appeared telephonically.  Defendants failed to appear, despite having been properly served with notice of this hearing.

On or about October 31, 2007, Plaintiff commenced the above-entitled action against

Southern Citrus, Inc. ("Southern Citrus"), Hana Gibo, and Sabah Youkhanna (collectively referred to as the "Defendants"), seeking to enforce payment from the statutory trust imposed by the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §499e(c)(2) ("PACA"). As part of its action, Plaintiff sought injunctive relief against Defendants to enjoin and restrain them from violating the provisions of PACA and from dissipating assets subject to the PACA Trust.

On or about October 31, 2007, this Court issued a Temporary Restraining Order enjoining Southern Citrus, its agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with said Defendant, including Hana Gibo and Sabah Youkhanna, from alienating, dissipating, paying, or assigning any PACA trust assets, without agreement of the parties or until further order of this Court, or until said Defendant pays Plaintiff the sum of $115,266.40 by cashiers' check or certified check.

This Court scheduled a hearing for entry of a Preliminary Injunction and ordered the Plaintiff to serve a copy of the Temporary Restraining Order on Defendants.

Plaintiff has served copies of the Temporary Restraining Order on all Defendants.

On Wednesday, November 7, 2007 at 10:30 a.m., the hearing on Plaintiff's Motion for Preliminary Injunction came before this Court.

Based upon Plaintiff's pleadings, the Affidavit of Luis Solarte, and the supporting documents, the Court finds Plaintiff has shown: (1) it is likely to succeed on the merits; (2) there is a risk of irreparable harm if the injunction is not granted; (3) the balance of hardships favors issuance of the injunction; and (4) issuance of the injunction is in the public interest. *See* Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998) (identifying the requirements for

issuance of a preliminary injunction).

Accordingly the Court concludes that a Preliminary Injunction should be issued.

For the reasons orally stated by the Court on the record and based upon the foregoing,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Issuance of Preliminary Injunction is GRANTED.

2. Plaintiff's Motion to Consolidate the Trial on the Merits with Hearing on Preliminary Injunction is DENIED.

3. Southern Citrus and its agents, officers, subsidiaries, assigns, financial and banking institutions, and all persons in active concert or participation with them or who receive actual notice of this Order are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties or until further order of this Court.  Under §499e(c)(2) of PACA, the assets subject to this Order include all of the assets of Defendant Southern Citrus, including but not limited to, any and all bank accounts at any and all financial institutions, including but not limited to those accounts at Wells Fargo Bank, unless Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

4. The $115,266.40 in PACA trust assets belonging to Plaintiff and in the possession of Defendant shall serve as Plaintiff's security for this injunction as required by Federal Rule of Civil Procedure 65(c).

5. This Order is binding upon Defendant Southern Citrus, and its officers (including Hana Gibo, and Sabah Youkhanna), agents, servants, employees, banking and financial institutions, attorneys and/or all other persons acting in concert or participating with it who receive actual notice of this Order.

6. This Order shall continue in full force and effect, except upon further Order of this Court.

**IT IS SO ORDERED.**

DATED: November 9, 2007

_____
HON. JOHN A. HOUSTON
United States District Judge