Lawrence H. Meuers
(SBN: 197663)
Steven E. Nurenberg
*FL Bar No. 0808431*
Steven M. De Falco *(Pro Hac Vice)*
*FL Bar No. 0733571*
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
snurenberg@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| FORTUNE GROWERS, LLC, a Nevada limited liability company, | Case No.: 3:07-cv-2088 |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | |
| SOUTHERN CITRUS, INC., a California corporation; HANA GIBO, an individual; SABAH YOUKHANNA, an individual; and BROADWAY FARMERS MARKET, INC., a California corporation, Defendants. | |

For its First Amended Complaint, Plaintiff respectfully states as follows:

## THE PARTIES

1. Plaintiff is Fortune Growers, LLC ("Fortune Growers"), a Nevada limited liability company authorized to do business in Illinois. Fortune Growers' principal place of business is located at 6 South Cutters Run, South Barrington, Illinois.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3. Defendants are:

   a) Southern Citrus, Inc. ("Southern Citrus"). Upon information and belief, Southern Citrus is a California corporation with its principal place of business located at 1626 W. Frontage Rd., Chula Vista, California.

   b) Hana Gibo ("Gibo"), an individual. Upon information and belief, Gibo is the President of Southern Citrus, and in that capacity, controlled or was in a position to control the assets of Southern Citrus. Upon information and belief, Gibo is a resident of Spring Valley, California.

   c) Sabah Youkhanna ("Youkhanna"), an individual. Upon information and belief, Youkhanna is the Secretary and

Treasurer of Southern Citrus, and in that capacity, controlled or was in a position to control the assets of Southern Citrus. Upon information and belief, Youkhanna is a resident of Spring Valley, California.

d) Broadway Farmers Market, Inc. ("Broadway Farmers"). Upon information and belief, Broadway Farmers is a California corporation with its principal place of business located at 1039 Broadway, El Cajon, California.

4. Southern Citrus, Gibo, Youkhanna, and Broadway Farmers will be collectively referred to as "Defendants."

## JURISDICTION AND VENUE

5. The District Court has jurisdiction over this civil action arising under §5(c)(5) of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499e(c)(5), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

6. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT SOUTHERN CITRUS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
### 7 U.S.C. § §499e(c)(3) and (4)

7. Plaintiff re-alleges paragraphs 1 through 6.

8. At all times relevant to this action, Southern Citrus was a commission merchant, dealer or broker operating subject to the provisions of PACA.

9. Between September 18, 2007 and October 3, 2007, Plaintiff sold to Southern Citrus in interstate commerce, and Southern Citrus purchased from Plaintiff, Produce in the total amount of $115,266.40.

10. Plaintiff delivered the Produce to Southern Citrus and Southern Citrus accepted the Produce from Plaintiff.

11. Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Southern Citrus' receipt of the Produce, Southern Citrus became trustee of the PACA trust for the benefit of Plaintiff in the amount of $115,266.40. The PACA trust consists of all Southern Citrus' inventories of Produce, food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are

hereinafter referred to as "PACA Trust Assets").

12. Plaintiff gave written notice of intent to preserve trust benefits to Southern Citrus in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Southern Citrus.

13. Southern Citrus failed to pay for the Produce despite Plaintiff's repeated demands.

14. Pursuant to PACA, 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Southern Citrus' PACA Trust Assets.

15. Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Southern Citrus with a valid PACA trust claim in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT II

## DEFENDANT SOUTHERN CITRUS

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
### 7 U.S.C. §499e(c)(5)

16. Plaintiff re-alleges paragraphs 1 through 15.

17. Southern Citrus is in possession, custody and control of PACA Trust Assets for the benefit of Plaintiff and other similarly situated PACA trust

beneficiaries.

18. Southern Citrus failed to pay Plaintiff for the shipments of Produce listed above at paragraph 9 from the PACA Trust Assets.

19. As a direct result of Southern Citrus' failure to promptly pay Plaintiff, Plaintiff suffered damages that are covered under the PACA trust in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

20. Plaintiff seeks the entry of an Order directing Southern Citrus to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT III

## DEFENDANT SOUTHERN CITRUS

## VIOLATION OF PACA: FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
7 U.S.C. §499b(4)

21. Plaintiff re-alleges paragraphs 1 through 20.

22. Southern Citrus received each of the shipments of Produce identified in paragraph 9 above.

23. Plaintiff properly preserved its trust benefits pursuant to 7 U.S.C. §499e(c)(4).

24. PACA requires Southern Citrus, as a PACA trustee, to hold its PACA Trust Assets in trust for the benefit of Plaintiff and all other unpaid suppliers of Produce until all such suppliers have received full payment.

25. Southern Citrus has failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims, including Plaintiff's asserted herein.

26. As a direct result of Southern Citrus' failure to properly maintain and protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

27. Plaintiff seeks entry of an Order creating a common fund from which all PACA trust beneficiaries may be paid by directing Southern Citrus to maintain PACA Trust Assets equal to the sum of $115,266.40, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA trust claims, directing Southern Citrus to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Southern Citrus from dissipating PACA Trust Assets.

//

//

//

# COUNT IV

## DEFENDANT SOUTHERN CITRUS

### VIOLATION OF PACA: FAILURE TO PAY PROMPTLY
### 7 U.S.C. §499b(4)

28. Plaintiff re-alleges paragraphs 1 through 27.

29. Southern Citrus received each of the shipments of Produce identified in paragraph 9 above.

30. PACA requires all commission merchants, dealers, or brokers to make full payment promptly to its unpaid suppliers of Produce within the time set forth by 7 C.F.R. §46.2(aa).

31. Southern Citrus failed to pay these invoices within the payment terms.

32. As a direct result of Southern Citrus' failure to pay each invoice within payment terms, Plaintiff has incurred damages in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

33. Plaintiff seeks entry of an Order directing Southern Citrus to immediately pay Plaintiff the sum of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT V

## DEFENDANT SOUTHERN CITRUS

### BREACH OF CONTRACT

34. Plaintiff re-alleges paragraphs 1 through 33.

35. Plaintiff and Southern Citrus entered into contracts under which Plaintiff agreed to sell the Produce and Southern Citrus agreed to purchase the Produce, each of which is described in paragraph 9.

36. Southern Citrus breached its contracts with Plaintiff by failing to pay for each shipment of Produce.

37. As a direct result of Southern Citrus' breach of contract, Plaintiff has incurred damages in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

38. Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against Southern Citrus in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees.

## COUNT VI

## THE PRINCIPALS – GIBO AND YOUKHANNA

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARY

39. Plaintiff re-alleges paragraphs 1 through 38.

40. At all times relevant to this action, Gibo and Youkhanna were

officers, directors, shareholders or employees ("Principals") of Southern Citrus.

41.   As Principals of Southern Citrus, Gibo and Youkhanna each had a duty to ensure that Southern Citrus fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

42.   Gibo and Youkhanna each had full knowledge and responsibility for the handling of Southern Citrus' duties as trustee of the PACA trust.

43.   Gibo and Youkhanna controlled, or had a duty to control, Southern Citrus' operations and financial dealings, including those involving the PACA Trust Assets.

44.   Southern Citrus breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

45.   Gibo and Youkhanna breached their respective fiduciary duties to direct Southern Citrus to fulfill its duties, as PACA trustee, to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce it supplied to Southern Citrus.

46.   As a direct result of Gibo's and Youkhanna's respective breaches of their fiduciary duties, Plaintiff has incurred damages in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and

attorneys' fees.

47. Gibo and Youkhanna are personally liable to Plaintiff for their respective breaches of fiduciary duty in dissipating the PACA trust to the extent of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

48. Accordingly, Plaintiff seeks entry of an Order entering Judgment in favor of Plaintiff and against Gibo and Youkhanna - jointly and severally - in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VII

### THE PRINCIPALS – GIBO AND YOUKHANNA

### CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49. Plaintiff re-alleges paragraphs 1 through 48.

50. Upon information and belief, Southern Citrus transferred PACA Trust Assets to Gibo and Youkhanna.

51. These transfers were made in breach of the PACA trust.

52. Gibo and Youkhanna continue to hold any and all PACA Trust Assets having come into their individual possession as trustees for Plaintiff's

beneficial interest in the PACA Trust.

53. As a direct result of Principals' receipt of PACA Trust Assets, Plaintiff has incurred damages in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

54. Accordingly, Plaintiff seeks entry of an Order requiring Gibo and Youkhanna to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT VIII

### THE PRINCIPALS – GIBO AND YOUKHANNA

**FRAUDULENT TRANSFER**
Cal Civ Code §3439, *et. seq.* (2007)

55. Plaintiff re-alleges paragraphs 1 through 54.

56. Upon information and belief, Southern Citrus transferred its assets to Gibo and Youkhanna, and to other unknown third parties.

57. These transfers were made after the claims of Plaintiff and other PACA trust beneficiaries' arose.

58. These transfers were made to or for the benefit of insiders of

Southern Citrus on antecedent debts.

59. The transfers were made without consideration.

60. Southern Citrus was insolvent at the time of these transfers.

61. At the time of these transfers, the recipients had reasonable cause to believe that Southern Citrus was insolvent.

62. These transfers were fraudulent transfers as proscribed by California's Uniform Fraudulent Transfers Act, Cal Civ Code §3439, *et. seq.* (2007).

63. Accordingly, Plaintiff seeks entry of an Order, as provided by Cal Civ Code §3439.07 (2007), avoiding the transfers, ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff to the extent of $115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT IX

## DEFENDANT BROADWAY FARMERS

## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

64. Plaintiff re-alleges paragraphs 1 through 65.

65. Upon information and belief, Southern Citrus transferred PACA Trust Assets to Broadway Farmers.

66. These transfers were made in breach of the PACA trust.

67. Broadway Farmers continues to hold any and all PACA Trust Assets having come into its possession as a trustee for Plaintiff's beneficial interest in the PACA Trust.

68. As a direct result of Broadway Farmers' receipt of PACA Trust Assets, Plaintiff has incurred damages in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

69. Accordingly, Plaintiff seeks entry of an Order requiring Broadway Farmers to disgorge and transfer any and all PACA Trust Assets that come into its possession and control to Plaintiff to the extent of $115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS**, Plaintiff respectfully requests the entry of an Order providing as follows:

    A.    As to Count I, declaring that Plaintiff is a PACA trust beneficiary of Southern Citrus with a valid PACA trust claim in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees;

    B.    As to Count II, directing Southern Citrus to immediately turn over to Plaintiff, as a beneficiary of this trust, an amount of the PACA Trust Assets equal to the sum of $115,266.40, plus interest from the

date each invoice became past due, costs and attorneys' fees;

C. As to Count III, directing Southern Citrus to maintain PACA Trust Assets equal to the sum of $115,266.40, plus the claims of all other unpaid suppliers of Produce that properly preserved their PACA trust claims, enjoining Southern Citrus from dissipating PACA Trust Assets and directing Southern Citrus to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims;

D. As to Count IV, directing Southern Citrus to immediately pay Plaintiff the sum of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees;

E. Enter Final Judgment in favor of Plaintiff and against Southern Citrus on Counts I through V, in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees;

F. As to Count VI, entering judgment in favor of Plaintiff and against Gibo and Youkhanna – jointly and severally – in the amount of $115,266.40, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

G. As to Count VII, requiring Gibo and Youkhanna to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

H. As to Count VIII, avoiding the transfers and ordering the recipients to disgorge and transfer any and all such amounts to Plaintiff in the amount of $115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets;

I. As to Count IX, requiring Broadway Farmers to disgorge and

transfer any and all PACA Trust Assets that came into its possession and control to Plaintiff in the amount of $115,266.40, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and

J. Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this 14th day of November, 2007.

**MEUERS LAW FIRM, P.L.**

By:  s/Steven M. De Falco
Lawrence H. Meuers
(SBN: 197663)
Steven E. Nurenberg
*FL Bar No. 0808431*
Steven M. De Falco *(Pro Hac Vice)*
*FL Bar No. 0733571*
5395 Park Central Court
Naples, Florida 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
snurenberg@meuerslawfirm.com
sdefalco@meuerslawfirm.com

Attorneys for Plaintiff