UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTUNE GROWERS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHERN CITRUS, INC., et al., <br><br> Defendants. | Case No.: 07cv2088-JAH <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

On April 7, 2008, this Court held a hearing on Plaintiff's Motion for Default Judgment. Counsel for the Plaintiff appeared telephonically. Defendants failed to appear, despite having been properly served with notice of this hearing. For the reasons orally stated by the Court on the record and based upon the following, this Court **GRANTS** Plaintiff's motion.

## BACKGROUND

On November 14, 2007, Plaintiff Fortune Growers, Inc. ("Plaintiff") filed a first amended complaint (FAC) against Defendants Southern Citrus, Inc., Hana Gibo, Sabah Youkhanna and Broadway Farmers Market, Inc. (collectively "Defendants") alleging various violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, et seq., as well as common law offenses in connection with the sale of certain produce. See Doc. No. 17. On December 2, 2007, Plaintiff served Defendants, Southern Citrus, Hana Gibo, and

Broadway Farmers Market, with summonses and the FAC by personal service. See Doc. Nos. 19, 20 and 21. Plaintiff also attempted to serve Defendant Youkhanna by personal service, but was unsuccessful. Plaintiff then petitioned the Court to allow Plaintiff to serve Youkhanna by publication. Doc. No. 22. This Court granted Plaintiff's request. Doc. No. 23. On January 11, 2008, Plaintiff filed an affidavit demonstrating that Plaintiff served Defendant Youkhanna by publication. Doc. No. 24.

All Defendants have failed to plead or otherwise defend against the action as required by the summons and provided by the Federal Rules of Civil Procedure. On January 24, 2008, Plaintiff filed a Motion for Clerk's Entry of Default as to all Defendants, see Doc. No. 25, and the clerk entered default on January 28, 2008. See Doc. No. 26. The instant motion for entry of default judgment by the court was filed on February 12, 2008. Doc. No. 30. No opposition has been received.

## LEGAL STANDARD

Rule 55(b) of the Federal Rules of Civil Procedure provides that default judgment may be entered by the Clerk of Court if the amount sought is "for a sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1). In all other cases, the application must be made to the court. Fed. R. Civ. P. 55(b)(2). "If, in order to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages . . . , the court may conduct such hearings or order such references as it deems necessary and proper." Id. No judgment by default may be entered against "an infant or incompetent person." Fed. R. Civ. P. 55(b)(2). In addition, particular procedures must be followed before default judgment is entered against military personnel. 50 U.S.C. Appendix § 521.

A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment. See Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). Rather, granting or denying relief is entirely within the court's discretion. See id. For relief to be granted, the plaintiff is required to state a claim and provide proof of all damages sought in the complaint. See Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986). The Federal Rules of Civil Procedure also provide that "[a] judgment by default shall not be different in kind or exceed in amount that

prayed for in the [complaint]." Fed. R. Civ. P. 54(c).

**DISCUSSION**

At the hearing on this matter on April 7, 2008, Plaintiff requested that its motion for default judgment be granted pursuant to Fed. R. Civ. P. 55(b). Plaintiff submitted a declaration by Attorney Steven M. De Falco in support of the motion for default judgment. The declaration attests to the debt owed to Plaintiff under PACA as set forth in the FAC and the costs, fees and interests due Plaintiff. Plaintiff has proven damages in the principal amount of $115,266.40. Plaintiff also seeks taxable costs in the sum of $1,815.00, pre-judgment interest in the sum of $4,165.66, and attorneys' fees equaling $9,306.00, all of which qualify for protection under PACA. The total amount of Plaintiff's request is $130,553.06.

Defendants did not appear at the hearing or present a reasonable excuse for failing to defend this action. Accordingly, **IT IS HEREBY ORDERED**:

1. Fortune Growers, LLC's Motion for Default Judgment is **GRANTED**.
2. Judgment is entered in favor of Fortune Growers, LLC and against Defendants Southern Citrus, Inc., Hana Gibo, Sabah Youkhanna, and Broadway Farmers Market, Inc., jointly and severally, in the principal amount of $115,266.40, along with taxable costs in the sum of $1,815.00, pre-judgment interest in the sum of $4,165.66, and attorneys' fees equaling $9,306.00 for a total judgment amount of $130,553.06.
3. Post-judgment interest shall accrue on the above individual amounts at the current post-judgment rate per annum pursuant to 28 U.S.C. §1961 from the date of the entry of this Judgment until paid in full.

DATED: April 9, 2008

JOHN A. HOUSTON
United States District Judge